## Hacker et al. v. Peoples State Bank of Frankfort, et al.

May 14, 1943.

A. D. Hall for appellant.

Roy W. House and Hiram H. Owens for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This is an action of trespass to try title by Dudley Hacker and Nancy Ann Hacker against Peoples State Bank of Frankfort, Kentucky, and Alfred Baker. It was stipulated that the common source of title was Alex Bishop and that the respective parties owned and were entitled to possession to the exterior boundaries of their tracts when those boundaries had been properly located, the only question being the correct location of plaintiffs' lines.

The description contained in the deeds from Bishop to plaintiffs' predecessor in title, his daughter, Kizzie Hacker, of date January 20, 1919, and October 18, 1922, and carried through her conveyance to J. H. Ledford and his conveyance to Nancy Hacker is as follows:

"A certain tract or parcel of land lying and

being in Clay County, Ky., on the waters of the South Fork of the Kentucky River and on the waters of Newfound Creek.

"Tract No. 1 bounded as follows: Beginning in the upper fork of the left hand fork of Newfound running up the branch to the top of the hill to three chestnuts and a water oak with the center and meanders of the ridge to two white oaks and a maple tree; thence down the hill to a beach; thence down with the branch to the beginning, containing twenty-five acres more or less.

"Tract No. 2 bounded as follows: Beginning in the line of the lower corner and upper end of a deed made by the party of the first part to party of the second part is a small drain; thence running up said drain as it meanders to the top of the ridge; thence running a southwest course with the meanders of the ridge to the aforesaid line of Kizzie Hacker, party of the second part; thence running down the hill with said line to the beginning, the boundary containing two acres more or less 1/16 part oil and gas royalty, is sold on Tract No. 1 to Dr. P. J. Jones, Oneida, Ky."

Impossibility of locating the land without extraneous evidence is readily perceived for no point is designated as the beginning in the "upper fork of the left-hand fork of Newfound Creek." It may be a few feet or a few miles from the confluence of the two streams. By such evidence the parcel is located in general, but when it comes to the specific line between the two parties there is direct conflict. The disputed part, as we understand, is in whole or in part referred to as Sugar Camp Hollow where Bishop once had a maple syrup oven. The plaintiffs and their witnesses identify the dividing line so as to take in that parcel and say the trees on the line have been marked of old and of late. On the other side the overwhelming testimony is that the plaintiffs' description does not embrace the parcel and that the true dividing line is as shown on a map and survey recently made by J. M. Culton and filed in the suit. Neither this map nor one introduced by the plaintiffs is in the record. In a large measure the testimony is not understandable without the maps. Under familiar appellate practice it may be assumed that the missing portions of the record are favorable to the appellees.

It is significant that if the line should be located as the plaintiffs content, their tract described as being 25 acres more or less would contain about 35 acres and that described as being two acres would contain about 13½. As located by the defendants they would contain 24.7 and 3.25 acres, respectively.

The appellants concede the verbal testimony supports the finding of the trial court, but insist that the "record evidence" is more persuasive and should control the decision. This consists of two items. One is the testimony of a man that he once wrote a deed for Alex Bishop to his daughter, Kizzie Hacker, containing a definite description and clearly embracing the disputed overlap. That deed was never put to record nor was it introduced in the case. This testimony is of little or no value. The deed may not have been delivered. It was certainly superseded by the one which was recorded. The other item is a mortgage executed by Kizzie Hacker and her husband to J. H. Ledford on February 1, 1929, containing a description more definite than that of the deeds in respect to the beginning point and the first line. As we understand, that substantially locates the boundary as plaintiffs now contend. About a year after the mortgage was executed, Kizzie and her husband conveyed the land to the mortgagee, Ledford, with the indefinite description of her deed, which, as we have said, was carried down to the plaintiffs. It cannot be held that one is entitled to have considered as conclusive in his favor a statement of his predecessor in title, even though it was in writing and put to official record, which is of such self-serving nature. Kizzie testified in this case and positively fixed the dividing line adverse to plaintiffs' claim. She testified she had never claimed the land in distute. She admitted having executed the mortgage but was not asked anything further about it. The statement in the mortgage to the extent that it adversely affected the neighboring land and its lines was incompetent as evidence. Certainly, Kizzie's successor cannot acquire title to the land which belonged to another because she once mortgaged more than she had, and cannot profit by her statement as to the line when it was in derogation of another's interest.

The record fully sustains the judgment and it is affirmed.